UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
FILE NO. 7:23-CV-1177-FL

| | |
|---|---|
| CLEMENTINE BROWN, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> STEADMAN JODY GREENE, in his individual capacity, COLUMBUS COUNTY SHERIFF WILLIAM ROGERS in his official capacity; and WESTERN SURETY COMPANY, in its capacity as Surety on the Bond of the Sheriff of Columbus County, ) </br> ) </br> Defendants. ) | **DEFENDANT STEADMAN JODY GREENE'S ANSWER** </br> **AND** </br> **AFFIRMATIVE DEFENSES** </br></br> **(Fed. R. Civ. P. 8(b)-(c))** |

NOW COMES Defendant Steadman Jody Greene (hereinafter "Greene"), by and through the undersigned counsel, pursuant to Rule 8 of the Federal Rules of Civil Procedure, and responds to the allegations contained in Plaintiff Clementine Brown's (hereinafter "Plaintiff") Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE
### Qualified Immunity

Greene pleads qualified immunity as an affirmative defense and as a complete and total bar to the federal claims asserted against him.

### SECOND AFFIRMATIVE DEFENSE
### Public Official Immunity

Greene pleads public official immunity as an affirmative defense and as a complete and total bar to the State-based claims asserted against him.

### THIRD AFFIRMATIVE DEFENSE
### Lawful, Nondiscriminatory Purpose

Greene pleads the lawful, nondiscriminatory basis for terminating Plaintiff as an affirmative defense and as a complete and total bar to the claims asserted against him. Specifically, Greene asserts that there was a reasonable basis to believe that Plaintiff intentionally took groceries from Walmart without paying for them while wearing her Columbus County Sheriff's Office uniform.

### FOURTH AFFIRMATIVE DEFENSE
### Contributory Negligence

Greene pleads contributory negligence as an affirmative defense and as a complete and total bar to the claims asserted against him.

### FIFTH AFFIRMATIVE DEFENSE
### Incorporation of Affirmative Defenses Asserted by Others

To the extent applicable, Greene hereby adopts, and incorporates by reference, the affirmative defenses asserted by the other named and answering defendants.

### SIXTH AFFIRMATIVE DEFENSE
### Reservation of Rights

To the extent permissible, Greene hereby reserves the right to move for leave to amend this answer to assert additional affirmative defenses as become they become known or otherwise available as the case develops.

### ANSWER

Greene responds to the allegations contained in the enumerated paragraphs of Plaintiff's Complaint, [D.E. 1], as follows:

1. The allegations contained in paragraph 1 of the Complaint are editorial in nature, and as such, no response is warranted. Insomuch as a response is required, it is admitted that

Plaintiff brought the current action pursuant to the provisions of 42 U.S.C. § 1981, 42 U.S.C. § 1983, the North Carolina Constitution and North Carolina common law. The validity of those claims is expressly denied.

2. As to the allegations contained in paragraph 2 of the Complaint, it is admitted that Plaintiff is a Black woman and was employed with the Columbus County Sheriff's Office until her termination on or about July 30, 2020. Greene is without sufficient independent knowledge to form a belief as to the remaining allegations contained in paragraph 2 of the Complaint and therefore denies the same.

3. The allegations contained in paragraph 3 of the Complaint are admitted.

4. The allegations contained in paragraph 4 of the Complaint are admitted.

5. The allegations contained in paragraph 5 of the Complaint are admitted upon information and belief.

6. As to the allegations contained in paragraph 6 of the Complaint, it is admitted, upon information and belief, that an insurance policy was purchased, and in effect at all times relevant to the above-captioned matter, for the Columbus County Sheriff. The allegation that the purchase of such insurance waived official, sovereign, qualified, and/or governmental immunity is denied upon information and belief.

7. The allegations contained in paragraph 7 of the Complaint are admitted.

8. The allegations contained in paragraph 8 of the Complaint are admitted.

9. Greene restates his responses to the allegations contained in paragraphs 1 through 8 of the Complaint and incorporates them as if fully set forth herein.

10. As to the allegations contained in paragraph 10 of the Complaint, it is admitted that Plaintiff is a 49-year-old Black woman. It is further admitted, upon information and belief,

that Plaintiff resides in Cerro Cordo, North Carolina. Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the remaining allegations within paragraph 10 of the Complaint and therefore denies the same.

11. As to the allegations contained in paragraph 11 of the Complaint, it is admitted that Lewis Hatcher was elected as the first Black sheriff of Columbus County in 2014. The remaining allegations within paragraph 11 of the Complaint are admitted upon information and belief.

12. The allegations contained in paragraph 12 of the Complaint are denied.

13. The allegations contained in paragraph 13 of the Complaint are admitted.

14. The allegations contained in paragraph 14 of the Complaint are admitted.

15. As to the allegations contained in paragraph 15 of the Complaint, it is admitted that after assuming office, Greene demoted Plaintiff from captain to detention officer and replaced her as chief jailer. It is further admitted that Greene did not provide Plaintiff an explanation for the demotion. Except as expressly herein admitted, the allegations contained in paragraph 15 of the Complaint are denied.

16. As to the allegations contained in paragraph 16 of the Complaint, it is admitted that Greene promoted Dawn Battle (hereinafter "Battle") to captain following Plaintiff's demotion. It is further admitted that Battle is a white woman. It is further admitted, upon information and belief, that Plaintiff held the position of captain for approximately 10 years prior to her demotion. Except as expressly herein admitted, the allegations contained in paragraph 16 of the Complaint are denied.

17. Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint and therefore denies the same.

18. The allegations contained in paragraph 18 of the Complaint are admitted.

19. The allegations contained in paragraph 19 of the Complaint, and all subparts thereof, purport to refer to a publicly available audio recording, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, it is expressly denied that Greene "discussed firing Black employees at the Sheriff's Office because of their race."

20. As to the allegations contained in paragraph 20 of the Complaint, it is admitted that Greene terminated Melvin Campbell (hereinafter "Campbell") from the Sheriff's Office. It is further admitted that Campbell is Black. Except as expressly herein admitted, the allegations contained in paragraph 20 of the Complaint are denied.

21. Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint and therefore denies the same. The implication that Greene sought a pretextual reason to terminate Plaintiff because of her race is expressly denied.

22. The allegations contained in paragraph 22 of the Complaint are admitted.

23. As to the allegations contained in paragraph 23 of the Complaint, it is admitted that Plaintiff began working as a detention officer in the Columbus County Courthouse in 2020. Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 23 of the Complaint and therefore denies the same.

24. The allegations contained in paragraph 24 of the Complaint are admitted.

25. As to the allegations contained in paragraph 25 of the Complaint, it is admitted that Plaintiff proceeded to a self-checkout register. It is further admitted that while at the register, Plaintiff set aside six bags of pecans, scanned several items not including the pecans, and put all of the items, including the pecans, in her cart. It is further admitted that Plaintiff did not pay for the six bags of pecans. The allegation that Plaintiff's failure to pay for the pecans was inadvertent is denied. The allegation that Plaintiff struck up a conversation with a young boy and his father while at the checkout register is denied. Except as expressly herein admitted, the allegations contained in paragraph 25 of the Complaint are denied.

26. As to the allegations contained in paragraph 26 of the Complaint, it is admitted that Plaintiff paid for the scanned items, and upon information and belief, went home and changed out of her uniform. It is further admitted that Walmart loss control personnel attempted to stop Plaintiff as she exited Walmart but that she proceeded to leave. The allegation that Plaintiff mistakenly forgot to scan or pay for the pecans is denied. Except as expressly herein admitted, the allegations contained in paragraph 26 of the Complaint are denied.

27. As to the allegations contained in paragraph 27 of the Complaint, it is admitted that Plaintiff returned to Walmart that evening, paid for the pecans, and upon information and belief, returned home. Except as expressly herein admitted, the allegations contained in paragraph 27 of the Complaint are denied.

28. As to the allegations contained in paragraph 28 of the Complaint, it is admitted that Plaintiff reported the incident to her supervisor. It is further admitted, upon information and belief, that Plaintiff attempted to contact Greene and Battle. The implication that Greene was

searching for a pretextual reason to terminate Plaintiff on the basis of race is denied. Except as expressly herein admitted the allegations contained in paragraph 28 of the Complaint are denied.

29. The allegations contained in paragraph 29 of the Complaint are admitted upon information and belief.

30. The allegations contained in paragraph 30 of the Complaint are admitted. The implication that Plaintiff's failure to pay for the pecans was the result of mistake or oversight is denied.

31. As to the allegations contained in paragraph 31 of the Complaint, it is admitted that Lt. Andre Jackson of the Whiteville Police Department provided an affidavit in which he made similar averments. It is further admitted that two loss prevention officers at Walmart informed the sheriff's office that (1) they believed Plaintiff had intentionally taken the pecans without paying for them and (2) so they called the Whiteville Police Department immediately after the plaintiff left the store to report this. The allegation that sheriff's officers pressured Lt. Jackson to criminally charge Plaintiff is expressly denied. Except as otherwise admitted, the allegations in paragraph 31 are denied.

32. As to the allegations contained in paragraph 32 of the Complaint, it is admitted that Lt. Jackson provided an affidavit in which he made similar averments. The implication that Plaintiff's failure to pay for the pecans was the result of mistake or oversight is denied. Except as expressly herein admitted, the allegations contained in paragraph 32 of the Complaint are denied.

33. As to the allegations contained in paragraph 33 of the Complaint, it is admitted that Lt. Jackson provided an affidavit in which he made similar averments. The implication that Plaintiff's failure to pay for the pecans was the result of mistake or oversight is denied. Except as expressly herein admitted, the allegations contained in paragraph 33 of the Complaint are denied.

34. The allegations contained in paragraph 34 of the Complaint are denied.

35. As to the allegations contained in paragraph 35 of the Complaint, it is admitted that Greene determined that Plaintiff's actions in taking pecans from Walmart, while in uniform, constituted conduct unbecoming of an officer. It is further admitted that Greene's determination was reasonable and supported by clear and convincing evidence. The allegation that Greene terminated Plaintiff because of her race is denied. Except as expressly herein admitted, the allegations contained in paragraph 35 of the Compliant are denied.

36. N/A.

37. As to the allegations contained in paragraph 37 of the Complaint, it is admitted that Barber was demoted to the rank of sergeant and transferred to the civil divisions. The allegation that Greene demoted Barber because of his race is denied. Except as expressly herein admitted, the allegations contained in paragraph 37 of the Complaint are denied.

38. The allegations contained in paragraph 38 of the Complaint are admitted.

39. The allegations contained in paragraph 39 of the Compliant refer to a written document, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 39 of the Complaint are admitted. The implication that the Sheriff's Office was "not in compliance with Title VI of the Civil Rights Act" is expressly denied.

40. The allegations contained in paragraph 40 of the Complaint refer to written documents, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 40 of the Complaint are admitted. The truthfulness of the allegations of misconduct found in said petition is expressly denied.

41. The allegations contained in paragraph 41 of the Complaint refer to a written document, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, it is admitted that an amended petition was filed on October 21, 2022. It is further admitted that paragraph 41 of the Complaint accurately summarizes the allegations of misconduct within the amended petition. The truthfulness of the allegations of misconduct found in said petition is expressly denied. Except as expressly herein admitted, the allegations contained in paragraph 41 of the Complaint are denied.

42. The allegations contained in paragraph 42 of the Complaint are admitted.

43. The allegations contained in paragraph 43 of the Complaint are admitted.

44. The allegations contained in paragraph 44 of the Complaint are admitted.

45. The allegations contained in paragraph 45 of the Complaint refer to a written document, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, it is admitted that a second petition was filed on December 29, 2022. It is further admitted that paragraph 45 of the Complaint accurately summarizes the allegations of misconduct within the amended petition. The truthfulness of the allegations of misconduct found in said petition is expressly denied. Except as expressly herein admitted, the allegations contained in paragraph 45 of the Complaint are denied.

46. The allegations contained in paragraph 46 of the Complaint are admitted.

47. The allegations contained in paragraph 47 of the Complaint are admitted.

48. Greene restates his responses to the allegations contained in paragraphs 1 through 47 of the Complaint and incorporates them as if fully set forth herein.

49. The allegations contained in paragraph 49 of the Complaint are admitted.

50. The allegations contained in paragraph 50 of the Complaint are denied.

51. The allegations contained in paragraph 51 of the Complaint are denied.

52. The allegations contained in paragraph 52 of the Complaint are denied.

53. The allegations contained in paragraph 53 of the Complaint are denied.

54. Greene restates his responses to the allegations contained in paragraphs 1 through 53 of the Complaint and incorporates them as if fully set forth herein.

55. The allegations contained in paragraph 55 of the Complaint are admitted.

56. The allegations contained in paragraph 56 of the Complaint are denied.

57. The allegations contained in paragraph 57 of the Complaint are admitted.

58. The allegations contained in paragraph 58 of the Complaint are denied.

59. The allegations contained in paragraph 59 of the Complaint are denied.

60. The allegations contained in paragraph 60 of the Complaint are denied.

61. The allegations contained in paragraph 61 of the Complaint are denied.

62. Greene restates his responses to the allegations contained in paragraphs 1 through 61 of the Complaint and incorporates them as if fully set forth herein.

63. The allegations contained in paragraph 63 of the Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 63 of the Complaint are admitted.

64. The allegations contained in paragraph 64 of the Complaint are not directed toward Greene and refer to a written document, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 64 of the Complaint are admitted.

65. The allegations contained in paragraph 65 of the Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 65 of the Complaint are denied.

66. The allegations contained in paragraph 66 of the Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 66 of the Complaint are denied.

67. The allegations contained in paragraph 67 of the Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 67 of the Complaint are denied.

68. The allegations contained in paragraph 68 of the Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 68 of the Complaint are denied.

69. The allegations contained in paragraph 69 of the Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 69 of the Complaint are denied.

70. Greene restates his responses to the allegations contained in paragraphs 1 through 69 of the Complaint and incorporates them as if fully set forth herein.

71. The allegations contained in paragraph 71 of the Complaint are admitted.

72. The allegations contained in paragraph 72 of the Complaint are admitted.

73. The allegations contained in paragraph 73 of the Complaint refer to a written document, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 73 of the Complaint are admitted.

74. The allegations contained in paragraph 74 of the Complaint are denied.

75. The allegations contained in paragraph 75 of the Complaint are denied.

76. The allegations contained in paragraph 76 of the Complaint are denied.

77. All allegations contained within the Complaint not expressly admitted herein are denied.

## PRAYER FOR RELIEF

WHEREFORE, Greene respectfully prays that the Court grant the following relief:

1. That Plaintiff have and recover nothing from Greene;

2. That Plaintiff's claims be dismissed, with prejudice, and that the costs be assessed against Plaintiff;

3. For trial by jury on all issues so triable;

4. For attorney's fees to the degree permitted by law; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 8th day of February, 2024.

        SUMRELL SUGG, P.A.
        *Attorneys for Defendant Greene*

        BY:   /s/Frederick H. Bailey, III
                State Bar No. 36603
                Email: fbailey@nclawyers.com
                416 Pollock Street
                Post Office Drawer 889
                New Bern, North Carolina 28563
                Telephone: (252) 633-3131
                Facsimile: (252) 633-3507

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **DEFENDANT STEADMAN JODY GREENE'S ANSWER AND AFFIRMATIVE DEFENSES** was electronically filed with the Clerk of Court using the CM/ECF System which will provide electronic notice to:

>Trisha Pande, Esq.
>Narenda K. Gosh, Esq.
>Patterson Harkavy LLP
>100 Europa Drive, Suite 420
>Chapel Hill, NC  27517
>*Attorneys for Plaintiff*
>
>Christopher J. Geis, Esq.
>Womble Bond Dickinson (US) LLP
>One West Fourth Street
>Winston Salem, NC  27101
>*Attorney for Defendants Sheriff William Rogers and Western Surety Company,*

This the 8th day of February 2024.

>SUMRELL SUGG, P.A.
>*Attorneys for Defendant Greene*
>
>BY:   /s/Frederick H. Bailey, III
>         State Bar No. 36603
>         Email:  fbailey@nclawyers.com
>         416 Pollock Street
>         Post Office Drawer 889
>         New Bern, North Carolina 28563
>         Telephone: (252) 633-3131
>         Facsimile: (252) 633-3507

13